IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPIRIT AMERICAN, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3515-K-BN |
| | § | |
| CHRISTOPER WECKENMANN and SILVER CREEK CROSSING PROPERTY OWNERS ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING**
**SUBJECT MATTER JURISDICTION**

Plaintiff Spirit American, LLC filed this lawsuit to allow for foreclosure on real property alleged to be valued at more than $387,000, invoking the Court's diversity subject matter jurisdiction. *See* Dkt. No. 1; 28 U.S.C. § 1332.

United States District Judge Ed Kinkeade referred the case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Upon the Court's review of the docket, the complaint fails to show that the Court possesses subject matter jurisdiction.

Jurisdiction under Section 1332 requires that each plaintiff's citizenship be diverse from each defendant's citizenship. *See* 28 U.S.C. § 1332(a).

And, "when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (per curiam) (cleaned up; quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d

653, 654 (5th Cir. 1975)).

And, so, even if the Court may reasonably infer that the defendants are domiciled in Texas based on the real property that is the object of this litigation, *see SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023); *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996), Spirit American has not distinctly and affirmatively alleged its own citizenship where it sets out that it "is a California Limited Liability Company" and that its sole member "is domiciled in California" but then fails to identify that sole member, Dkt. No. 1 at 1; *cf. Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (per curiam) (concluding that the amount in controversy included the relevant property where plaintiffs "sought rescission and cancellation of the deed of trust, cancellation and removal of clouds from title, and a preliminary and permanent injunction ... to prohibit ... foreclosure").

Because the citizenship of a limited liability company is determined by the citizenship of each of its members, *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), "[a]t the pleading stage, the party invoking [a federal] court's jurisdiction must [distinctly and affirmatively] allege the citizenship of each LLC's members." *Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.*, 159 F.4th 294, 296 (5th Cir. 2025) (published order) (citations omitted).

To do so requires identifying each member and sub-member and, as to each of these, identifying that member's or sub-member's identity and citizenship. *See, e.g.*, *Phillips N. Am. LLC v. U.S. Auto. Ass'n*, No. 3:25-cv-1210-BN, 2025 WL 1828523, at *2 (N.D. Tex. July 2, 2025) ("For all LLCs in this action, Phillips must identify each

member and their citizenship, through every layer.").

And, so, to avoid a recommendation that this lawsuit be dismissed for lack of subject matter jurisdiction, Spirit American should file an amended complaint by **October 30, 2026**.

SO ORDERED.

DATED: October 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE