IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPIRIT AMERICAN, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3515-K-BN |
| | § | |
| CHRISTOPER WECKENMANN and SILVER CREEK CROSSING PROPERTY OWNERS ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND SECOND ORDER REGARDING SUBJECT MATTER JURISDICTION**

Plaintiff Spirit American, LLC ("Spirit") filed this lawsuit to allow for foreclosure on real property alleged to be valued at more than $387,000, invoking the Court's diversity subject matter jurisdiction. *See* Dkt. No. 1; 28 U.S.C. § 1332.

United States District Judge Ed Kinkeade referred the case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Upon the Court's review of the docket, the undersigned found that the initial complaint fails to show that the Court possesses subject matter jurisdiction, primarily because Spirit, a limited liability company, failed to identify its sole member. *See Spirit Am., LLC v. Weckenmann*, No. 3:26-cv-3515-K-BN, 2026 WL 3090121 (N.D. Tex. Oct. 14, 2026) ("*Spirit I*").

Spirit responded by filing an amended complaint. *See* Dkt. No. 10.

This filing also fails to affirmatively and distinctly allege the Court's subject

matter jurisdiction under Section 1332.

While Spirit does now identify its sole member: "Ben Keisari who resides at 23371 Mulholland Dr, #137, Woodland Hills, CA 91364," the undersigned cannot agree with Spirit that, by doing so, it has alleged that it "is domiciled in California" where Spirit alleges no further facts in support of its domicile. Dkt. No. 10 at 1.

That's because all Spirit has alleged is that residence equal domicile.

Instead, "[f]or natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home," *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

And, so, "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam).

The undersigned notes that in the prior order, the Court explained that it could "reasonably infer that the defendants are domiciled in Texas based on the real property that is the object of this litigation." *Spirit I*, 2026 WL 3090121, at *1 (citing

*SXSW*, 83 F.4th at 407; *Coury*, 85 F.3d at 251).

But just alleging an address for a natural person in California does not allow for such a reasonable inference as to Spirit.

And, so, to avoid a recommendation that this lawsuit be dismissed for lack of subject matter jurisdiction, Spirit should file a second amended complaint by **October 30, 2026**.

SO ORDERED.

DATED: October 21, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE